**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

RAHIHAN SOTO RODRIGUEZ,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and, TRANS UNION LLC.

     Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, RAHIHAN SOTO RODRIGUEZ (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian"), and TRANS UNION LLC ("Trans Union") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Equifax transacts business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Arroyo, Puerto Rico. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Ste 400, Peachtree Corners, GA 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the

business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

19.    Plaintiff is a natural person who is alleged to owe multiple debts to creditors.

20.    Plaintiff has faced identity theft issues over the course of several years.

21.    On or about April 29, 2024, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff became aware of several addresses and incorrect employer information listed. Further, Plaintiff became aware multiple accounts being reported that did not belong to him:

      i.    Opensky Capital Bank N.A. partial account number ending in 8591 with a reported balance of $165

      ii.    SEC Finance Corporation of Spartanburg partial account number ending in xxxx with a reported balance of $0

iii.   SEC Finance Corporation of Spartanburg partial account number ending in xxxx with a reported balance of $0

iv.   Jefferson Capital LLC partial account number ending in 8784 with a reported balance of $796

22.   On or about April 29, 2024, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff became aware of an incorrect name, several addresses, several incorrect phone numbers and incorrect employer information listed. Further, Plaintiff became aware multiple accounts being reported on his credit report that did not belong to him:

i.   Opensky Capital Bank N.A. partial account number ending in 8591 with a reported balance of $165

ii.   I.C. Systems Collections with a reported balance of $428, with the original creditor being notated as Mediacom Communications Corporation.

iii.   SEC Finance Corporation of Spartanburg partial account number ending in xxxx with a reported balance of $0

iv.   SEC Finance Corporation of Spartanburg partial account number ending in xxxx with a reported balance of $0

v.    Jefferson Capital LLC partial account number ending in 8784 with a reported balance of $796, with the original creditor being notated as Sprint

23.    On or about the end of May 2024, Plaintiff submitted a dispute to the CRAs. In the dispute Plaintiff advised that he believes that he is a victim of identity theft as there were several addresses, phone numbers and employers for the State of Illinois. Outside of living in Puerto Rico, Plaintiff for a short period of time lived in the State of Pennsylvania. Plaintiff included a copy of his driver's license, and utility bill with his personal identifying information for verification of his identity. Additionally, Plaintiff provided other supportive documentation in his disputes.

24.    Equifax, Experian and Trans Union failed to respond to Plaintiff's dispute, and with upon information and belief failed to conduct any sort of reasonable investigation.

25.    Due to never receiving a response from the CRAs, Plaintiff attempted to obtain his credit reports from Equifax, Experian, and Trans Union on or about September 16, 2024. Plaintiff was only able to obtain a copy of his Experian credit report.

26.    Upon Plaintiff's review of his Experian credit report dated September 16, 2024, he learned that Experian continued to report numerous incorrect names,

addresses, phone numbers and employers on his credit file. Further, Experian continued to report several fraudulent accounts on his credit report:

    i.    Opensky Capital Bank N.A. partial account number ending in 8591 with a reported balance of $165 with a pay status of "charged off"

    ii.    Jefferson Capital LLC partial account number ending in 8784 with a reported balance of $796, with the original creditor being notated as Sprint

    iii.    Jefferson Capital LLC partial account number 8665 with a remaining balance of $4,541, with the original creditor being notated as US Cellular

    iv.    Credit Bur Serv of Iowa partial account number ending in 404x with a remaining balance of $2,397, with the original creditor being notated as Lucas County Health Center

27.    Upon information and belief, Equifax and Trans Union continued to report inaccurate personal identifying information and erroneous accounts.

28.    Due to the continued inaccurate reporting, Plaintiff mailed another dispute letter to each of the CRAs on September 20, 2024. Again, Plaintiff affirmed that there was numerous inaccurate personal identifying information and numerous fraudulent accounts being reported. In the dispute Plaintiff advised that he believes

that he is a victim of identity theft as there were several addresses, phone numbers and employers for the State of Illinois. Outside of living in Puerto Rico, Plaintiff for a short period of time lived in the State of Pennsylvania. Plaintiff included a copy of his driver's license, and utility bill with his personal identifying information to confirm his identity. Further, Plaintiff provided images of the fraudulent tradeline and other supportive documents.

29.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9407 1112 0620 5871 0486 02), Experian (9407 1112 0620 5871 0932 75), and Trans Union (9407 1112 0620 5871 0969 24).

30.     Despite delivery confirmation from both Equifax and Experian, Plaintiff never received a response as to the outcome of his dispute letters.

31.     Upon information and belief, Equifax and Experian failed to conduct any sort of reasonable investigation and simply continued to report the fraudulent information and accounts.

32.     On September 29, 2024, Trans Union acknowledged receipt of Plaintiff's dispute, but affirmed they believed the dispute came from a third-party entity.

33.     Trans Union failed to conduct an investigation despite Plaintiff's pleas.

34.     Growing frustrated, Plaintiff again mailed out detailed dispute letters to each of the CRAs to dispute inaccurate information and fraudulent accounts on October 30, 2024. In the dispute Plaintiff advised that he believes that he is a victim of identity theft as there were several addresses, phone numbers and employers for the State of Illinois. Outside of living in Puerto Rico, Plaintiff for a short period of time lived in the State of Pennsylvania. Plaintiff included a copy of his driver's license, and utility bill with his personal identifying information to confirm his identity. Further, Plaintiff provided images of the fraudulent tradeline and other supportive documents, such as a Federal Trade Commission Identity Theft Report.

35.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (7022 1670 0001 4664 0093), Experian (7022 1670 0001 4664 0086), and Trans Union (7022 1670 0001 4664 0109).

36.     Plaintiff continues to suffer as of the filing of this Complaint with the Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit report accurate.

37.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

> i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the error;

iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Equifax's reluctance to fix the errors;

iv.   Loss of the ability to benefit from lower interest rates;

v.    Apprehensiveness to apply for credit due to the fear of rejection; and

vi.   Defamation as Equifax published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

38.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40.     Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

41.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

42.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

43.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

44.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

45.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

46.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

47.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

48.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.    Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

50.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

52.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

55.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the

legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

56.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

57.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

58.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

59.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

60.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

64.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

66.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

67.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the

legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

71.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

72.    Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

73.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

75.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

76.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

78.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Experian Information Solutions, Inc. (Willful)

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

80.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.     Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

82.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

84.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT VII</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

89.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

90.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

91.     Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

92.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

94.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

95.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

96.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

97.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

98.     Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

99.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

102.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

103.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

104.   Trans Union allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

105.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

106.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

107.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

108.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

110.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

111.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

112.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

113.   Trans Union allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

114.  Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

115.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

116.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

117.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

120.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

121.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

122.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

123.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

124.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

128.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

129.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

130.   Plaintiff provided Trans Union with the information it needed to confirm that

131.   he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

132.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RAHIHAN SOTO RODRIGUEZ, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of October 2024.

Respectfully Submitted,

**_/s/ Octavio "Tav" Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933

34

tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*